IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUGUSTUS C. PATTERSON | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 04-4202 |
| GLAXOSMITHKLINE | : | |
| PHARMACEUTICAL COMPANY, ET AL. | : | |

SURRICK, J.                                                                                           JULY  26 , 2011

## MEMORANDUM

Presently before the Court is Plaintiff's Motion To Enforce The Court Case Order Dated 01 September 2005 Dismissing Plaintiff's Case With Prejudice As Settled. (ECF No. 48.) For the following reasons, the Motion will be denied.

### I.    BACKGROUND[1]

On September 3, 2004, Plaintiff Augustus Patterson filed a *pro se* Complaint against Defendant GlaxoSmithKline alleging race discrimination. Plaintiff then retained Reginald Allen, Esquire. An Amended Complaint was filed by Allen adding supervisors George Hannum and Michael Manacchio as Defendants and adding additional claims. On August 31, 2005, the parties notified the Court in writing that they had reached a settlement agreement and they requested that the matter be dismissed pursuant to Local Rule 41.1(b). (Dec. 13, 2006 Hr'g Ex. D-5.) On September 1, 2005, an Order was entered dismissing the case with prejudice pursuant to Local Rule of Civil Procedure 41.1(b). (ECF No. 27.) The Order does not retain jurisdiction over the settlement and the terms and conditions of the settlement are not incorporated into the

---

[1] The background of this protracted litigation has been set forth in greater detail in our Memorandum dated March 27, 2007. (Mem., ECF No. 39.) We will recount only those facts necessary to explain this decision.

Order.[2]

On October 11, 2005, Allen met with Plaintiff to review and sign the settlement agreement. (Dec. 13, 2006 Hr'g Tr. at 80-81.) Plaintiff became upset with Allen's legal fees and refused to sign the agreement. Plaintiff thereafter fired Allen and began to attempt to communicate directly with Defendants' counsel, Alan Berkowitz, regarding the settlement. (*Id.* at 114-15; Defs.' Opp'n Exs. C-I, ECF No. 50.) On December 6, 2005, Plaintiff filed a *pro se* Motion entitled Motion To Formally Remove Petitioner's Attorney From Case #04CV4202, Sanction Petitioners Attorney, Allow Pro Se Or Substitute Representation And Rule On Relief Requested Herein. (ECF No. 28.) Since the matter had been dismissed pursuant to Local Rule 41.1(b), the Motion was denied. Plaintiff filed an appeal. In an Opinion dated October 25, 2006, the Third Circuit affirmed the dismissal to the extent that Plaintiff sought to set aside the September 1, 2005 Order dismissing the case under Local Rule 41.1(b), but remanded the matter for this Court to decide whether the Motion could be construed as one filed under Federal Rule of Civil Procedure 60(b). (Defs.' Opp'n Ex. K.)

In accordance with the directive from the Third Circuit, we held a Rule 60(b) hearing to determine whether Reginald Allen had express authority from Plaintiff to enter into the settlement agreement with Defendant. We heard testimony from Plaintiff, Plaintiff's wife, a court reporter, Allen, and Berkowitz. (*See* Hr'g Tr.) Based upon the evidence and testimony

---

[2] The Order simply provides:

> AND NOW, this 1st day of September, 2005, the Court having been advised that the above captioned action has been settled, pursuant to the provisions of Rule 41.1(b) of the Local Rules of Civil Procedure, it is ORDERED that this case is DISMISSED with prejudice, pursuant to agreement of counsel without costs.

2

presented at the hearing, we concluded that Allen did have express authority from Plaintiff to settle the case with Defendants on August 31, 2005.  (Mem. 8.)  By Memorandum and Order dated March 27, 2007, we denied Plaintiff's request for relief from the judgment under Rule 60(b).  (ECF No. 39.)  Plaintiff filed an appeal.  In an Opinion dated November 5, 2008, the Third Circuit affirmed our Order denying Plaintiff's Motion.  (Defs.' Opp'n Ex. L.)

On May 16, 2011, more than two and one-half years after the Third Circuit's second opinion in this case, Plaintiff filed the instant *pro se* Motion To Enforce The Court Case Order Dated 01 September 2005 Dismissing Plaintiff's Case With Prejudice As Settled.  (Pl.'s Mot., ECF No. 48.)  Plaintiff alleges that he has not received any money from Defendants and his Motion seeks to enforce the terms of the settlement agreement.  (*Id.* at 4.)  Defendants filed a Brief In Opposition To Plaintiff's Motion, in which they argue, *inter alia*, that this Court does not have subject-matter jurisdiction to adjudicate this Motion.  (ECF No. 50.)  Plaintiff filed a Response.  (ECF Nos. 53, 54.)  Plaintiff's counsel of record Reginald Allen also filed a Brief In Support Of Plaintiff's Motion.  (Pl.'s Br., ECF No. 56.)

II.  DISCUSSION

A federal district court must have subject-matter jurisdiction before it can address the merits of a legal dispute.  *See Haywood v. Drown*, 129 S. Ct. 2108, 2126 (2009).  Objections to subject-matter jurisdiction may be raised at any time, even after a party has previously acknowledged the court's jurisdiction.  *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011).

Defendants cite *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), and argue that we have no subject-matter jurisdiction to rule on Plaintiff's Motion.  In

3

*Kokkonen*, the Supreme Court held that "[e]nforcement of [a] settlement agreement . . . whether through award of damages or decree of specific performance . . . requires its own basis for jurisdiction." *Id.* at 378.  When a federal district court dismisses a case pursuant to a settlement agreement, the court does not have jurisdiction to enforce the settlement agreement unless the parties' obligation to comply with the terms of the agreement was made part of the dismissal order.  *Id.* at 381.  Motions to enforce settlement agreements are typically state-court contract disputes.  *Id.* (noting that the "facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business").  The Third Circuit has consistently applied *Kokkonen* in denying motions to enforce settlements.  *See, e.g.*, *Drayton v. Kyler*, 235 F. App'x 917, 919-20 (3d Cir. 2007); *Nelson v. Pennsylvania*, 125 F. App'x 380, 381-82 (3d Cir. 2005); *Shaffer v. GTE N., Inc.*, 284 F.3d 500, 503-04 (3d Cir. 2002); *In re Phar-Mor, Inc. Sec. Litig.*, 172 F.3d 270, 274 (3d Cir. 1999).

      We agree with Defendants that there is no subject-matter jurisdiction to enforce the settlement agreement.  The dismissal Order dated September 1, 2005, does not specifically retain jurisdiction over the settlement agreement and does not incorporate the terms of the settlement agreement.  The entry of the Order dismissing this action terminated federal jurisdiction.

      Plaintiff argues that Defendants waived their jurisdictional argument by failing to object to jurisdiction at the December 2006 hearing.  However, a party cannot waive the right to object to a court's subject-matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.").  Plaintiff cites no authority to support this argument and we are aware of

4

none. Moreover, the December 2006 hearing was held at the direction of the Third Circuit Court of Appeals for the purpose of determining whether Rule 60(b) was implicated in the settlement.

Plaintiff attempts to distinguish *Kokkonen*. He argues that the dismissal order in *Kokkonen* was issued under Federal Rule of Civil Procedure 41, whereas here, the Order was issued under Local Rule of Civil Procedure 41.1(b). This distinction is of no consequence. *See Lee v. City of Philadelphia*, No. 06-1518, 2008 WL 4601913, at *1-2 (E.D. Pa. Oct. 14, 2008) (denying motion to enforce settlement where action was dismissed pursuant to Local Rule 41.1(b)). Plaintiff also attempts to distinguish *Kokkonen* arguing that the settlement agreement in *Kokkonen* was signed and placed on the record prior to the court entering the dismissal order. The parties here did not recite the terms of the settlement agreement to the Court. This factual distinction is also of no consequence. *See Maue v. Keating*, No. 05-3691, 2009 WL 2989052, at *1 (D.N.J. Sept. 17, 2009) (finding no subject-matter jurisdiction where settlement was not part of record); *State Farm Mut. Auto. Ins. Co. v. Makris*, No. 01-5351, 2003 WL 22533696, at *1 (E.D. Pa. Oct. 21, 2003) (finding no subject-matter jurisdiction where settlement agreement had not been reduced to a writing executed by all parties). In fact, the factual differences referenced by Plaintiff militate against his jurisdictional argument. *See Sawka v. Healtheast, Inc.*, 989 F.2d 138, 141 n.3 (3d Cir. 1993) (noting that a settlement agreement that is read into the record may manifest a court's intent to continue supervising performance).

Plaintiff argues that the doctrine of ancillary jurisdiction permits our enforcement of the settlement. This doctrine recognizes that federal courts may retain jurisdiction over some matters that are incidental to other matters properly before them. *See Kokkonen*, 511 U.S. at 378-79. Plaintiff argues that ancillary jurisdiction is appropriate because it permits a court to manage its

proceedings and effectuate its decrees. *See id.* at 379-80. This precise argument was raised in *Kokkonen* and rejected. *Id.* at 380-81 (finding no ancillary jurisdiction because the power to enforce a settlement is remote from what courts require to perform their functions). For the reasons stated in *Kokkonen*, we reject Plaintiff's ancillary-jurisdiction argument.

We are compelled to conclude that we do not have subject-matter jurisdiction to enforce this settlement agreement. Plaintiff requests that we schedule a mediation or settlement conference with the parties before ruling on this Motion. We must deny Plaintiff's request. This action has been dismissed with prejudice. We have no jurisdiction to order a settlement conference or mediation at this juncture. Plaintiff may, of course, pursue his rights in state court.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion will be denied.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**